IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ANTHONY R. JOY,

    Plaintiff,

vs.

    Case No. 3:10cv329

ROBBINS AND MEYERS, INC.,

    JUDGE WALTER HERBERT RICE

    Defendant.

---

ENTRY JOURNALIZING RESULTS OF TELEPHONE CONFERENCE OF FEBRUARY 14, 2011; FURTHER PROCEDURES SET FORTH; DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) (DOC. #5) OVERRULED, WITHOUT PREJUDICE TO RENEWAL, UPON STATED CIRCUMSTANCES

---

The captioned cause came on to be heard upon a telephone conference call, had pursuant to this Court's February 7, 2011, filing (Doc. #13), setting forth Instructions To Parties Regarding Plaintiff's Motion to Remand (Doc. #6).

At this point, counsel and the Court are uncertain as to whether an oral and evidentiary hearing will be needed, the Defendant feeling that a deposition and, perhaps, some document discovery, together with memoranda explaining same, might be sufficient to present the issue to the Court. Accordingly, Plaintiff's counsel has agreed to make the Plaintiff available for deposition during the week of April 18th and the entirety of the week of April 25th, save and excepting Monday,

the 25th. A tentative date of April 21st was agreed upon. Following said deposition and the possible garnering of documentary information, Defendant's counsel will file a further memorandum, in support of this Court's jurisdiction, by the close of business May 9th, with the Plaintiff having until the close of business on June 6th for any memorandum contra. The Defendant will then have until the close of business on June 20th for any reply deemed necessary. Unless the parties are of the opinion, following briefing, that an evidentiary hearing is needed, the Court will resolve the matter "on paper."

Obviously, this Court cannot rule on the Defendant's Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. #5), until such time as it has ruled on the Plaintiff's Motion to Remand. Accordingly, said Motion to Dismiss is overruled, as potentially moot, without prejudice to renewal, should this Court ultimately overrule the Plaintiff's Motion to Remand. The Court has taken this step for several reasons, to wit: should the Motion to Remand be ultimately granted, the Motion to Dismiss will have no independent viability on this Court; "discovery," by way of deposition of the Plaintiff and/or the production of documentary evidence from the Plaintiff to the Defendant, might well cause one or the other of the parties to concede the merits of the Motion to Remand and/or the Motion to Dismiss; and said "discovery" might well result in the necessity for further briefing on the Motion to Dismiss, should said Motion be viable in this Court and renewed. If, in the opinion of Defendant's counsel, following this Court's decision on the

Plaintiff's Motion to Remand, said Motion to Dismiss, either in its initial or in an updated form, with or without additional briefing, is viable, Defendant's counsel need only advise this Court by a very simple filing, renewing the previous motion, and supplementing same with any additional memorandum deemed necessary. Plaintiff's counsel will then have the time set by the Rules of the Court within which to respond, following which the moving Defendant will have the allowable time within which to file a reply memorandum.

February 28, 2011

WALTER HERBERT RICE
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of record